FILED

2004 MAR -2 P 12: 36

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

PAT SNYDER and ALEXIS DAVIES : CIVIL ACTION NO. 302CV01538 (AHN)

Plaintiff :

VS. :

RONALD PUGLIESE and PETER BOSCO : FEBRUARY 26, 2004

Defendants :

**RULE 9(c) STATEMENT OF UNDISPUTED MATERIAL FACTS**
**<u>IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**

Pursuant to Local Rule 9(c), the Defendants, Ronald Pugliese and Peter Bosco, submit the following statement of material facts to which there are no genuine issues to be tried.

1. At all times hereto the Defendants, Ronald Pugliese and Peter Bosco, were police officers employed by the Borough of Naugatuck.

2. The Plaintiff, Pat Snyder, married her husband in approximately 1987 in the State of Arizona at which time it was her intent to live there on a full-time basis. *(Deposition transcript of Pat Snyder dated September 12, 2003, hereinafter referred to as "DTPS", at pages 10, 11.)*

3. The Plaintiff, Pat Snyder, has also maintained a residence in Naugatuck, Connecticut located at 4 Scott Street. *(DTPS at page 11.)*

4. The Plaintiff, Pat Snyder, has been employed in Arizona since 1988. *(DTPS at pages 12, 13, 22, 23, 24, 25, 26, 27, 28, 29, 30.)*

5. The Plaintiff, Pat Snyder's date of birth is August 9, 1948. *(DTPS at page 13.)*

6. The Plaintiff, Pat Snyder, was in the Army National Guard in approximately 1978 and was discharged due to respiratory problems and internal bleeding after 12 to 18 months. *(DTPS at pages 14, 15.)*

7. The Plaintiff, Pat Snyder, also worked as a nurse in the Waterbury, Connecticut area in the 1990's but stopped working in that capacity because she had her husband, mother and a close friend to take care of. *(DTPS at page 21.)*

8. At the time of her deposition in September of 2003, the Plaintiff, Pat Snyder, was not claiming that her income came from a wage earning capacity. *(DTPS at pages 24, 25.)*

9. During the time period of October, 2001 to May, 2002, as alleged

in the first Paragraph 13 of the Plaintiff's Complaint, the Plaintiff, Pat Snyder, resided in both Arizona and Connecticut. *(See Complaint at Paragraph 13 and DTPS at page 33.)*

10. The Plaintiff, Pat Snyder, resided in Naugatuck, Connecticut from October to December of 2001 and returned to Arizona after that time until June of 2002. *(DTPS at page 34.)*

11. Next the Plaintiff, Pat Snyder, resided in Naugatuck, Connecticut from June of 2002 to November of 2002. *(DTPS at page 34, 35.)*

12. The Plaintiff, Pat Snyder, followed a routine of moving her place of residence back and forth between Connecticut and Arizona. Similar to the dates described in Paragraphs 9, 10 and 11 above, which routine was related to her need to maintain the real property located in each state when the weather was appropriate. *(DTPS at pages 35, 36.)*

13. Any interaction between the Plaintiff, Pat Snyder, and the Defendants, Ronald Pugliese and Peter Bosco, subject of this lawsuit were at a time when the Defendants were acting in the capacity of uniformed police officers and not in the capacity of private citizens. *(DTPS at pages 36, 37.)*

14.  The Plaintiff, Pat Snyder, describes the alleged act of failure to perform a duty and/or the circumstances in which the Defendants allegedly acted jointly and in concert with each other as follows:

14.(a).  While the Plaintiff stood in her yard at 4 Scott Street, Naugatuck, Connecticut in October or November of 2001 holding a flashlight and talking to a potential new apartment renter, she was approached by two police officers.  *(DTPS at page 39 - -42.)*

14.(b).  The Plaintiff was told by the police officers to "get off this street now or its gonna get ugly."  *(DTPS at page 42.)*

15.  The first time the Plaintiff, Pat Snyder saw the Defendants, Ronald Pugliese and Peter Bosco together was during the October or November of 2001 incident described in Paragraphs 14, 14(a) and 14(b) above.  *(DPTS at page 46.)*

16.  The Plaintiff, Pat Snyder, at her deposition of September 12, 2003, did not recall making a complaint against the Defendants, Ronald Pugliese or Peter Bosco, as a result of the incident described in Paragraphs 14, 14(a) or 14(b) above.  *(DTPS at pages 49, 50.)*

17. The Plaintiff, Pat Snyder next saw the defendants, Ronald Pugliese and Peter Bosco together during the incident involving the bag of mulch *(see Complaint at Paragraphs 8, 10, 11 and 122)* or trash *(see DTPS at page 50).*

18. The Plaintiff, Pat Snyder is of the opinion that the Defendants, Ronald Pugliese and Peter Bosco were at her property together on other instances but cannot recall details of any other such incident. *(DTPS at page 51.)*

19. The Plaintiff, Pat Snyder believes that the police officers told her to get off the street *(Paragraph 14 above)* because someone had complained that the Plaintiff was shining a flashlight into another individual or tenant's eyes. *(DTPS at pages 43, 52.)*

20. At her deposition of September 12, 2003 the Plaintiff, Pat Snyder did not recall having any significant prior interaction with Officer Peter Bosco. *(DTPS at page 53.)*

21. The Plaintiff, Pat Snyder's first interaction with the Defendant, Ronald Pugliese was in approximately August of 2001 or more generally in

the summer of 2001. *(DTPS at pages 53, 54.)*

22. During the interaction described in Paragraph 21 above, the Plaintiff, Pat Snyder had requested that the Naugatuck Police Department come to her property at 18 Scott Street, Naugatuck, Connecticut to document a property damage claim. *(DTPS at page 58.)*

23. During the Plaintiff, Pat Snyder's first interaction with Officer Ronald Pugliese, described in Paragraphs 21 and 22 above, the Plaintiff recalled the officer being intimidating toward her tenant, Byron Parent *(DTPS at pages 57, 59)* but did not recall Officer Pugliese being intimidating towards her. *(DTPS at page 59.)*

24. A second incident occurred involving Officer Ronald Pugliese on the same date described in Paragraphs 21, 22 and 23 above (exact date unknown). *(DTPS at pages 60, 61.)* *(See Paragraphs 25, 26, 27, 28 and 29 below.)*

25. Next, the tenant, Byron Parent, described above, joined another tenant named John Desmond at the Plaintiff, Pat Snyder's property located at 24 Scott Street, Naugatuck, Connecticut. *DTPS at pages 60, 62, 62.)* These

two tenants were outside the Plaintiff's said property drinking alcohol.  *(DTPS at pages 61, 62.)*

26.  At that time the tenant, John Desmond was smoking marijuana.  *(DTPS at page 62.)*

27.  Next, during this second alleged incident described above involving the Plaintiff, Pat Snyder and the defendant, Officer Ronald Pugliese, the said Plaintiff, Pat Snyder claims that her tenants attempted to punch her *(DTPS at page 64)* which resulted in Officer Pugliese returning to the Plaintiff's property.  *(DTPS at page 65.)*

28.  The Plaintiff, Pat Snyder claims that she was requested by the Defendant, Officer Ronald Pugliese to go to the Naugatuck Police Department to make a statement regarding the incident involving her tenants described in Paragraph 27 above.  *(DTPS at page 65.)*

29.  The Plaintiff, Pat Snyder does not recall if she stated to the Defendant, Officer Pugliese that she wanted to file a police report upon her arrival at the police station following the incidents described in Paragraphs 27 and 28 above.  *(DTPS at page 67, 68.)*

30. The Plaintiff, Pat Snyder was informed by her husband that another tenant, Theresa Kiker, who resided at the Scott Street property, "screamed a lot". *(DPTS at page 70.)*

31. The tenant, Theresa Kiker called the police out to the Plaintiff's said property regarding different things. *(DTPS at pages 72, 73, 74.)*

32. The Plaintiff, Pat Snyder claims that the Defendant, Officer Ronald Pugliese told her that she should not be calling the dog warden regarding the tenant, Theresa Kiker. *(DTPS at page 75.)*

33. The Plaintiff, Pat Snyder claims that in July, August or September of 2001 Police Officer Ronald Pugliese walked through her front door as she stood approximately four feet away while speaking on a telephone and next yelled at her to (paraphrased) "well you better knock it off with Kiker." *(DTPS at pages 76, 77, 78, 79 and 80.)*

34. The Plaintiff, Pat Snyder claims that in the summer of 2001, between the months of July and September, the Defendant, Officer Ronald Pugliese responded to a complaint from her tenant, Theresa Kiker, which resulted in the Defendant Pugliese yelling, "Fuck you, Kelvin" to the Plaintiff's

employee/custodian. *(DTPS at pages 87, 88, 89.)*

35. The Plaintiff, Pat Snyder claims that between September and October of 2001 her tenant, Cyrilla Stoll stated that Officer Peter Bosco made her feel nervous. *(DTPS at page 106).* Officer Bosco was on the outside of the Plaintiff's property due to a complaint by another tenant, John Lepeska. *(DTPS at page 107.)*

36. The Plaintiff claims that on or about June 6, 2002 the Defendant, Officer Peter Bosco entered the premises of her tenants, Cyrilla Stoll and Joanne Warren. *(DTPS at pages 115 – 119.)* The Plaintiff, Pat Snyder did not actually talk to Officer Bosco that day. *(DTPS at page 122.)*

37. Both of the Plaintiff's tenants described in Paragraph 36 above have made complaints against the Plaintiff, Pat Snyder to the Naugatuck Police Department. *(DTPS at page 123.)*

38. The Plaintiff claims that the Defendant, Officer Peter Bosco glared and laughed at her in the fall of 2002 when he responded to a landlord/tenant complaint from her tenant, John Warren. *(DTPS at pages 141, 142, 143, 144.)*

39. The Plaintiff, Pat Snyder stated in her deposition that she has never been arrested by either the Defendant, Peter Bosco or Ronald Pugliese. *(DTPS at page 146.)*

40. The Plaintiff, Pat Snyder stated that in August or September of 2002 that the Defendant, Peter Bosco arrived at her house and approached her regarding a claim by the tenant, Joanne Warren, that she had yelled at that tenant's children. *(DTPS at page 165.)*

41. The Plaintiff, Pat Snyder stated that during the summer of 2002 the Defendant, Officer Peter Bosco responded to a complaint by the Plaintiff's tenant, Theresa Kiker. Theresa Kiker accused the Plaintiff, Pat Snyder of throwing trash into the tenant's yard. No arrest was made in response to that claim. *(DTPS at pages 176, 177.)*

42. During the summer of 2002 the Defendant, Officer Ronald Pugliese responded to a "911" call at the Plaintiff's home. The Plaintiff, Pat Snyder denied making such a "911" call. No arrest was made. *(DTPS at pages 178, 179, 180.)*

43. Paragraph 6 of the Plaintiff, Pat Snyder's Complaint, which

alleges that each Defendant had the duty and opportunity to protect the Plaintiffs from the unlawful actions of the other Defendant and refused to perform such duty as it pertains specifically to the named Defendants was based upon the November 26, 2001 incident as alleged in Paragraph 7 of the Plaintiff's Complaint. *(DTPS at pages 185, 186, 187, 188, 189, 190, 191, 192 and 193.)*

44. The bag of mulch or trash referred to in Paragraphs 8, 9, 10 and 11 of the Complaint weighed approximately ten (10) pounds, possibly a little more. *(DTPS at page 196.)*

45. The Plaintiff, Alexis Davies is also known as Giselle Davies, and is hereinafter referred to as the Plaintiff, Giselle Davies.

46. The Plaintiff, Giselle Davies was the individual who returned the bag of trash or mulch to the tenant, John Lepeska as referred to in Paragraph 10 of the Complaint. *(DTPS at page 200.)*

47. Giselle Davies walked approximately 60 to 70 feet from the location of a trash can to the tenant, John Lepeska, and handed him the bag of trash or mulch referred to in the Complaint during which time the

Defendant police officers followed her. *(DTPS at pages 199, 200.)*

48. The Defendant police officers were standing approximately 10 feet away from the Plaintiff, Giselle Davies when she handed the bag of trash or mulch over to the tenant, John Lepeska.. *(DTPS at page 201.)*

49. The Plaintiff, Pat Snyder did not see the tenant, John Lepeska, hurl a bag of trash at the Plaintiffs. *(DTPS at pages 202, 206.)*

50. The Plaintiff, Pat Snyder does not recall the defendants ordering the Plaintiffs to turn over to John Lepeska any items beyond the mulch or trash bag referred to above. *(DTPS at pages 203, 204.)*

51. The Plaintiff, Pat Snyder did not have a bag of trash or mulch hurled over her head by the tenant, John Lepeska. *(DTPS at page 205.)*

52. The Plaintiff, Pat Snyder did not hear the tenant, John Lepeska threaten to hit or throw something at the Plaintiff, Giselle Davies. *(DTPS at pages 206, 207.)*

53. The tenant, John Lepeska, did not threaten to strike or throw a bag of trash or mulch at the Plaintiff, Pat Snyder in the presence of the Defendant police officers. *(DTPS at page 207.)*

54. The similarly situated individuals who the Plaintiff, Pat Snyder claims were treated differently by the Defendant police officers were her tenants – John Lepeska, Cyrilla Stoll, Joanne Warren, Byron Parent, and John Desmond. *(DTPS at pages 208, 209.)*

55. The tenant, Cyrilla Stoll was arrested by the Naugatuck Police two times while on the Plaintiff's property. *(DTPS at pages 239, 240, 114, 115.)*

56. The Plaintiff, Pat Snyder claims that the Defendant, Ronald Pugliese, acted in an aggressive manner toward the tenant, Byron Parent. *(DTPS at pages 57, 58, 59.)*

57. The Plaintiff, Pat Snyder claims that her tenant, John Lepeska was charged with criminal harassment *(DTPS at page 166)* and was arrested by the Naugatuck Police Department. *(DTPS at page 167, 168, 169.)*

58. The Plaintiff, Pat Snyder claims that her tenant caretaker, Kelvin Aakjar, was arrested by the Naugatuck Police. *(DTPS at pages 65, 173, 220.)*

59. According to the Plaintiff, Pat Snyder, her tenant, John Lepeska's

car was towed from the property due to activity by the Naugatuck Police Department. *(DTPS at pages 190.)*

60. The Plaintiff, Pat Snyder claims that her tenant, Carl Asuzik, had his credibility questioned by the Naugatuck police when he tried to report an alleged break-in to his Scott Street apartment. *(DTPS at pages 208, 209.)*

61. Out of the group of similarly situated persons residing on Scott Street, Naugatuck, Connecticut identified by the Plaintiff, Pat Snyder in her deposition, for the proposition that those group members were treated more favorably by the Defendants, it appears that each member of that group has allegedly been arrested at some point by the Naugatuck Police Department. *(DTPS at 57, 58, 59, 65, 166, 173, 208, 220.)*

62. The Plaintiff, Alexis Davies, also known as Giselle Davies, currently resides in California where she is a student. *(Deposition of Plaintiff, Alexis Davies dated September 12, 2003, hereinafter referred to as "DTAD", at page 6.)*

63. Alexis Davies is the niece of the Plaintiff, Pat Snyder. *(DTAD at page 6.)*

64. Alexis Davies was twenty-one (21) years old at the time of her deposition. *(DTAD at page 8.)*

65. The Plaintiff, Alexis Davies is not aware of a specific Naugatuck town ordinance that was violated by either of the named Defendants. *(DTAD at page 10, 11.)*

66. The Plaintiff, Alexis Davies does not know why the named Defendants were sued in their individual capacities. *(DTAD at page 11.)*

67. To the best of the Plaintiff, Alexis Davies' knowledge, her claim that the two Defendants acted in concert primarily relates to the facts as set forth in Paragraph 6 of her Complaint. *(DTAD at page 12.)*

68. According to the Plaintiff, Alexis Davies, a second incident in which the named Defendants acted in concert to violate the Plaintiffs' rights was when the Defendants told the Plaintiff, Pat Snyder to "stop flashing a flashlight in their eyes and to stop bothering them." *(DTAD at page 13.)*

69. According to the Plaintiff, Alexis Davies, the incidents in which the Defendants violated her rights were as follows:

(i)  trash bag incident described in Paragraph 6 of the Complaint. *(DTAD at page 14.)*

(ii)  Officer Peter Bosco did a walk-through inspection of an apartment with the tenant, John Lepeska, but an unknown police dispatcher refused to do a similar inspection at the Plaintiffs' request. *(DTAD at pages 15, 16, 17.)*

(iii)  The Defendant, Officer Peter Bosco left a telephone message that the tenant, Cyrilla Stoll had requested she stay away from her, her boyfriend and her canine and that if she had business with regards to 18 Scott Street to inform the police. *(DTAD at page 18.)*

70.  The Plaintiff, Alexis Davies' allegations that the Defendants had a duty and opportunity to protect the Plaintiff from unlawful actions pertains to the facts as set forth in Paragraph 6 of the Complaint. *(DTAD at page 21.)*

71.  On or about November 26, 2001 Alexis Davies lived at 4 Scott Street, Naugatuck, Connecticut.

72.  The Plaintiffs' claim that they were on the property known as 18 Scott Street on November 26, 2001 pursuant to a planning and zoning

officer's instruction to clean up that property. *(DTAD at page 24, 25, 26.)*

73.  Prior to the arrival of the Defendant police officers at Scott Street on November 26, 2001, the Plaintiffs had removed the trash or mulch bag (referred to in Paragraphs 8, 10 and 11 of the Complaint) to a trash can located between 8 Scott Street and 4 Scott Street. *(DTAD at page 27.)*

74.  The Plaintiff, Alexis Davies stated that the bag of trash subject of this lawsuit weighed under ten (10) pounds. *(DTAD at page 30.)*

75.  The Plaintiff, Alexis Davies stated that the tenant, John Lepeska called the Naugatuck police on November 26, 2001 and the police arrived at the Scott Street scene a few minutes later. *(DTAD at page 33.)*

76.  The Plaintiff, Alexis Davies had to walk approximately ten (10) feet of retrieve the bag of trash or mulch subject of this lawsuit from a trash can. *(DTAD at page 41.)*

77.  The Plaintiff, Alexis Davies was followed or trailed by the Defendant police officers as she returned the bag of trash or mulch to John Lepeska. *(DTAD at pages 41, 42.)*

78.  The Plaintiff, Alexis Davies claims that John Lepeska threw a bag

of trash in her direction but that she ducked to avoid being struck by the same. *(DTAD at pages 43, 44.)*

79. The Plaintiff, Alexis Davies stated that the Plaintiff, Pat Snyder was not in the path of where the trash bag was thrown at the time of the incident. *(DTAD at page 45.)*

80. The tenant, John Lepeska did not specifically threaten to hit or take a swing at either of the Plaintiffs during the time that the named Defendant police officers were on the Scott Street scene on November 26, 2001. *(DTAD at pages 46, 47.)*

81. Neither of the Plaintiffs specifically requested that John Lepeska be arrested on November 26, 2001. *(DTAD at pages 48, 49.)*

82. According to the Plaintiff, Alexis Davies, the Scott Street residents that were similarly situated and treated differently from the Plaintiffs were John Lepeska, Cyrilla Stoll, Joanne Warren, Theresa Kiker, and John Desmond. *(DTAD at page 51.)*

83. The Plaintiff, Alexis Davies claims that she was treated differently as follows:

(i) November 26, 2001 incident described in Complaint. *(DTAD at pages 51, 52.)*

(ii) Officer Ronald Pugliese told Kelvin the caretaker "fuck you" and the Plaintiff Davies was present. *(DTAD at page 52.)*

(iii) Alexis Davies was present at incidents and not named on the police report. *(DTAD at page 52.)*

84. The Plaintiff, Alexis Davies recalls that the tenant, John Lepeska was arrested two times by the Naugatuck Police Department. *(DTAD at pages 65, 66)* and that the arrest was as a result of a complaint by the Plaintiff, Pat Snyder. *(DTAD at page 66.)*

85. The Plaintiff, Alexis Davies stated that the intentional treatment by the Defendants (see Complaint at second Paragraph 13) was as follows, "They intentionally didn't give us the time of day; they intentionally told us that they were going to arrest us for grand larceny." *(DTAD at page 67.)*

86. The Plaintiff, Alexis Davies has never been arrested by a member of the Naugatuck Police Department. *(DTAD at pages 68, 69.)*

87. The named Defendants never instructed the Plaintiff, Alexis

92. The Plaintiff, Alexis Davies is not claiming that either of the Defendants, Officers Peter Bosco or Ronald Pugliese, were involved in an investigation of graffiti that was found on the side of the Plaintiff, Pat Snyder's Scott Street property. *(DTAD at page 96.)*

THE DEFENDANTS,
Ronald Pugliese and Peter Bosco

By:______________________

James P. Mooney, Esquire
Law Office of Kelly & Mooney
2452 Black Rock Turnpike
Fairfield, CT 06825-2418
(203) 373-7780
Federal Bar No.: CT 09070

**CERTIFICATION**

This is to certify that on February 26, 2004 a copy of the foregoing Defendants' Rule 9(c) Statement of Undisputed Material Facts in Support of Defendants' Motion for Summary Judgment was mailed, postage prepaid, via first class U.S. mail, to:

Attorney John R. Williams
Attorney Timothy J. Mahoney
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, Connecticut 06510

______________________
JAMES P. MOONEY, Esquire