UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAT SNYDER and ALEXIS DAVIES | : : : : : | CIVIL ACTION NO. 302CV01538 (HBF) |
| **Plaintiff** | : : | |
| VS. | : : : | |
| RONALD PUGLIESE and PETER BOSCO | : : : : | APRIL 28, 2004 |
| **Defendants** | : | |

**DEFENDANTS' REPLY BRIEF TO PLAINTIFFS'**
**OPPOSITION TO SUMMARY JUDGMENT**

This brief is intended to reply to the plaintiffs' brief in opposition to the Defendants' Motion to Dismiss and/or for Summary Judgment.

**A.   Federal Constitutional Equal Protection Claim**

*Argument*:

The plaintiffs' opposition brief of April 4, 2004 admits that the plaintiffs were not members of a constitutionally protected class. Instead, the plaintiffs rely primarily on the case of <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 120 S.Ct. 1073 (2000) for the proposition that they are protected by the concept of equal protection as a so-called "class of one." *(Plaintiff's brief at*

*page 5.)* The plaintiffs next assert that all they need to allege and prove is (1) disparate treatment, and (2) lack of a rational basis for the disparity. A Plaintiff must allege that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *(Plaintiffs' brief at page 5.)* In this matter the plaintiffs have both failed to adequately allege facts that set forth different treatment under similar circumstances or a factual claim of lack of a rational basis for disparate treatment.

The plaintiffs characterize this claim as a "selective enforcement" claim based on a "class of one." *(Plaintiffs' brief at page 5.)* Yet, the complaint only names individual officers as defendants and makes no reference to official policy.

This argument appears to ignore the language set forth in <u>Olech</u>. In <u>Olech</u> the Supreme Court of the United States explained that:

> "'[t]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether

2

occasioned by express terms of a statute or by its improper execution through duly constituted agents.'" <u>Sioux City Bridge Co.</u>, supra, at 445 (quoting <u>Sunday Lake Iron Co. v. Township of Wakefield</u>, 247 U.S. 350, 352 (1918).

This instant action is <u>not</u> a claim against "the state" for intentional or arbitrary discrimination by express terms of a statute nor an action against the state for improper execution through duly constituted agents. This case is brought against individual police officers without reference to any specific state action or violation of a specific law. Possible related activity by other members of the Naugatuck Police Department is alluded to in the complaint but is not set forth in a cohesive fashion. (See <u>Olech</u> at 562.) The various cases cited within <u>Olech</u> refer to various state or municipal defendants, not to police officers sued in their individual capacities. The remaining "cf." cites as admitted by this type of citation support a proposition different from the text of <u>Russo v. City of Hartford</u>, 184 F.Supp.2d 169, 190(D. Conn. 2002) (Hall, J.).

In <u>Russo</u> the plaintiff brought a claim pursuant to 42 U.S.C. §1983 against state prosecutors and inspectors, Hartford police officers and

3

supervisors, police union officers, and the City of Hartford.

In *Russo* Judge Janet C. Hall of the United States District Court of Connecticut dismissed that plaintiff's vague equal protection claims brought against "state defendants" for failure to allege differential treatment by the state defendants "other than conclusory statements." *Russo* at 178-9.

A review of the complaint filed in this matter at Paragraph 13 (and second Paragraph 13) sets forth only conclusory statements. No other paragraph in the complaint sheds any light upon the different (differential) treatment that was given to "the tenants of the plaintiff Snyder." Nor does the complaint set forth any facts as to how the tenants are similarly situated.

In this matter like *Russo*, the court cannot infer from the vague allegations that any "state actor" directly participated in any form of differential treatment. In Russo the equal protection claim against the "police defendants" survived a motion to dismiss where the Plaintiff alleged (1) that similarly situated individuals were treated differently and, (2) that the defendants have not expressed any legitimate basis for the differential treatment. In *Russo* the plaintiff was a Hartford police officer who sued other municipal police officers and police supervisors.

4

However, in this matter the alleged different treatment is not set forth in a manner which factually outlines (a) the identity of the individual or individuals who were similarly situated, or (b) events that constitute differential treatment.  Thus, the defendants are not in a position to respond to or express a rational basis for the claimed disparate treatment.  The plaintiffs have not specifically alleged a lack of a rational basis for the difference in treatment as required by the relevant case law.  <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564-0565 (2000) citing <u>Sioux City Bridge Co. v. Dakota County</u>, 260 U.S. 441 (1923); <u>Allegheny Pittsburgh Coal Co. v. Commission of Webster County</u>, 488 U.S. 336 (1989); <u>Nicholas Russo v. City of Hartford, et al</u>, 136 F.Supp3d xxx (D. Conn. 2002).

Thus, the facts alleged in this complaint do not set forth or support an equal protection claim based on specific law clearly established prior to the date of the alleged acts.

**B.   Police Officers Sue In Their Individual Capacities Are Not Automatically State Actors For Purpose Of 42 U.S.C. §1983 Actions**

The defendants, by counsel, respectfully take issue with plaintiffs'

5

counsel's position that basic hornbook law is misunderstood regarding the above captioned issue.  The plaintiffs' complaint contains allegations that, "the defendants and <u>other members</u> of their department have continuously and in a manner similar to that described above treated the plaintiffs less favorably than other similarly-situated persons residing on Scott Street and, in particular, have treated the plaintiffs more harshly than they have treated the tenant of the plaintiff Snyder."  *(See Complaint at Paragraph 13.)*

In this matter the plaintiffs have chosen to sue the defendant officers in their individual capacities which can under proper circumstances constitute a 42 U.S.C. §1983 action.  However, their pleadings suggest that proof of wrongdoing by other unnamed members of the governmental unit which employs them, the Naugatuck Police Department, also constitute an element of this instant claim.

The plaintiffs' own brief sets forth case law for the proposition that police officers sued in their individual capacity are not automatically considered state actors.

"[W]hether a police officer is acting under color of state law turns on the nature and circumstances of the officer's conduct and the relationship of

6

that conduct to the performance of his official duties. ... The key determinant is whether the actor, at the time in question, purported to act in an official capacity or to exercise official responsibilities pursuant to state law." <u>Martinez v. Colon</u>, 54 F.3d 980, 986 (1st Cir. 1995). It is the plaintiffs' burden to properly allege such facts in their complaint.

In this case the plaintiffs' complaint fails to set forth any specific state or federal law that either defendant violated as part of their exercise of their official responsibilities.

**C. No Obvious Or Clear-cut Crime Or Other Violation Of Law Took Place In The Presence Of The Defendants On November 26, 2001 Which Made An Arrest Of John Lepeska Necessary.**

The plaintiffs assert in their opposition brief of April 2, 2004 at page 4 that there was an obvious disparate enforcement of the law. They characterize their encounter of November 26, 2001 as "dramatic" and complain that the officers failed to arrest the tenant John Lepeska for assaulting and threatening them. The plaintiffs' own rendition of the facts of November 26, 2001 do not constitute an assault or legally cognizable threat. *(See Defendants' Rule 9(c) Statement at Paragraphs 44, 46, 47, 48, 49, 50, 51, 52, 53, 67, 73, 74, 75, 76, 77, 78, 79, 80, 81.)*

7

Additionally, the plaintiffs assert in their opposition brief of April 4, 2004 (at page 1) that their tenant "threatened to blow up their house." This strong statement is noticeably absent from the plaintiffs' complaint of August 28, 2002. This statement was not related by the plaintiff, Pat Snyder, during her deposition of September 12, 2003. This event was less dramatically recalled by the plaintiff, Alexis Davies at her deposition of September 12, 2003. In fact, the Plaintiff, Alexis Davies indicated that the named defendants had already walked away to a sidewalk area at the time of the alleged comment. In fact, the defendants were returning to their patrol car and were approximately 100 feet away from the tenant, John Lepeska, at the time that he made the comment. *(See deposition transcript of Alexis Davies at pages 47 and 48 – Exhibit 5.)*

D. **Conclusion**

Thus, the defendants' Motion to Dismiss and/or Summary Judgment should be granted.

                                        THE DEFENDANTS,
                                        Ronald Pugliese and Peter Bosco

By:_____
James P. Mooney, Esquire
Law Office of Kelly & Mooney
2452 Black Rock Turnpike
Fairfield, CT 06825-2418
(203) 373-7780
Federal Bar No.: CT 09070

## **CERTIFICATION**

      This is to certify that on April 28, 2004 a copy of the foregoing Defendants' Reply Brief to Plaintiffs' Opposition to Summary Judgment was mailed, postage prepaid, via first class U.S. mail, to:

Attorney Timothy J. Mahoney
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, Connecticut   06510

                                           _____
                                           JAMES P. MOONEY, Esquire