**MANDATE**

CONN/NEW Haven
02-CV-1538
HON. FITZSIMMONS

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 15th day of August, two thousand and five.

PRESENT:

>ROSEMARY S. POOLER,
>SONIA SOTOMAYOR,
>    Circuit Judges,
>EDWARD R. KORMAN,
>    District Judge,[*]

PAT SNYDER and ALEXIS DAVIES,

       Plaintiffs-Appellants,

-v-                                No. 04-5520-cv

RONALD PUGLIESE and PETER BOSCO,

       Defendants-Appellees.

| Appearing for Plaintiffs-Appellants: | Norman A. Pattis, New Haven, CT |
|---|---|
| Appearing for Defendants-Appellees: | James P. Mooney, Willinger, Willinger & Bucci, P.C., Bridgeport, CT |

Appeal from the United States District Court for the District of Connecticut (Holly B. Fitzsimmons, U.S.M.J.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

---

[*] The Honorable Edward R. Korman, Chief Judge of United States District Court for the Eastern District of New York, sitting by designation.

ISSUED AS MANDATE: SEP - 7 2005

Plaintiffs-appellants appeal from the District Court's ruling entered September 10, 2004, granting summary judgment to defendants-appellees as to their sole federal claim of denial of equal protection under the Fourteenth Amendment and 42 U.S.C. § 1983, and declining to exercise supplemental jurisdiction over their state law claims. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We review a district court's grant of summary judgment de novo. Mario v. P & C Food Markets, Inc., 313 F.3d 758, 763 (2d Cir. 2002). Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986). There is no genuine issue for trial if, viewing the record as a whole in the light most favorable to the nonmoving party, a rational trier of fact could not find for the nonmoving party. Id. at 587. To defeat a motion for summary judgment, the nonmoving party must do more than raise "metaphysical doubt" as to the material facts. Id. at 586. Rather, the nonmoving party must come forward with specific facts supported by sufficient concrete probative evidence to allow a rational trier of fact to find for her. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

A claim of violation of equal protection by selective enforcement of the law generally has two elements: "(1) the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." LaTrieste Rest. & Cabaret Inc. v. Village of Port Chester, 40 F.3d 587, 590 (2d Cir. 1994). Under Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam), an individual, not alleging invidious discrimination on the basis of membership in some group, may nevertheless prevail on an equal protection claim provided she shows that (1) "she has been intentionally treated differently from others similarly situated and" (2) "there is no rational basis for the difference in treatment." In Giordano v. City of New York, 274 F.3d 740 (2d Cir. 2000), we declined to decide whether, after Olech, a plaintiff asserting such a "class of one" claim need also prove malice or bad faith, but we stated that "such a person would still be required to show, not only irrational and wholly arbitrary acts, but also intentional disparate treatment." 274 F.3d at 751 (internal quotation marks omitted).

We affirm for substantially the reasons given by the District Court. Appellants did not specifically allege any treatment of themselves that was actually disparate from treatment of members of the purported similarly situated group of individuals residing on the same street, and their general allegations of disparate treatment were not supported by evidence. Appellants provide no argument that they met their burden to establish any genuine issue of fact material to whether appellees' treatment of them was either lacking in any rational basis or intentionally disparate. Appellants' argument, raised for the first time on appeal, that they may prevail on a "class of one" equal protection claim without proving that they were treated disparately from other similarly situated individuals is wholly unsupported either by Olech or by our post-Olech case law, see, e.g., Neilson v. D'Angelis, 409 F.3d 100, 105 (2d Cir. 2005), and is contrary to the plain language of the Equal Protection Clause.

We have considered appellants' other contentions and find that they lack merit.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
ROSEANN B. MACKECHNIE, Clerk

BY: Oliva M. George, Deputy Clerk

August 15, 2005
DATE

3

A TRUE COPY
Roseann B. MacKechnie, CLERK
by
DEPUTY CLERK